IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN SCOTT SEEFELDT,

      Plaintiff,                    No. CIV S-10-0247 GGH P

  vs.

CALIFORNIA FORENSIC
MEDICAL GROUP, et al.,

      Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1

month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

This action concerns conditions at the Solano County Jail. Named as defendants are various persons whom plaintiff identifies by first name only including mental health workers John, Kevin and Angie. Plaintiff alleges that in December 2009, defendants Kevin, John and Angie failed to make sure that he was seen by a doctor for his tinnitus. Assuming plaintiff stated a colorable claim for relief against these defendants, it is very unlikely that the U.S. Marshal would be able to effect service of them with the only identifying information being their first names. For that reason, the claims against these defendants are dismissed with leave to amend. Plaintiff should only include the claims against these defendants in an amended complaint if he is able to provide further identifying information such as a last name or badge number.

Plaintiff alleges that in January 2010 after several delays, he finally saw defendant Dr. Yu, a psychiatrist, for tinnitus. Dr. Yu told plaintiff that the problem was medical rather than psychiatric and did not treat plaintiff. Plaintiff alleges that defendant Yu made this decision before learning all of his issues.

The undersigned assumes that plaintiff was a pretrial detainee during the time he spent at the Solano County jail. As a pretrial detainee, plaintiff's claims for constitutionally inadequate medical care arise under the Fourteenth Amendment but are governed by the same standards as an Eighth Amendment claim. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.

285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk

of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

In the instant case, plaintiff alleges that defendant Yu improperly determined that plaintiff should see a regular medical doctor for his tinnitus rather than a psychiatrist. Plaintiff

5

does not describe the additional information he was unable to present defendant Yu that would have made defendant Yu determine that plaintiff's problem was psychiatric. Without this information, the court cannot determine whether plaintiff has stated a colorable claim against defendant Yu. Accordingly, this claim is dismissed with leave to amend.

Plaintiff alleges that defendant Dr. Kadeveri, the Medical Director, knew that plaintiff had tinnitus since March 10, 2008. Plaintiff alleges that after his brain surgery in April 2009, he made several requests for treatment of the tinnitus to Dr. Kadaveri that were not responded to. These allegations state a colorable claim for relief against defendant Kadaveri.[1]

Plaintiff next alleges that in March 2009 defendant Kadeveri was given medical records from CDCR regarding a three story fall plaintiff had which caused him to suffer severe back injuries. Plaintiff alleges that he filed several requests for treatment for his back for two years, but nothing was done. Plaintiff alleges that while he was having brain surgery, U.C. Davis planned on performing surgery on his back. However, the back surgery was cancelled. Plaintiff continues to be in great pain. These allegations state a colorable claim for relief against defendant Kadeveri.

Plaintiff alleges that defendant Kadeveri removed him from an ADA equipped medical jail room to a non-ADA room. Court records indicate that plaintiff is proceeding with another action in this court that contains the same claims against defendant Kadeveri, CIV S-09-2576 KJM P, see complaint, p. 6 of 8.[2] Accordingly, these claims against defendant Kadeveri are dismissed because they are duplicative of those raised in 09-2576.

---

[1] Court records indicate that plaintiff is proceeding with another action in this court against defendant Kadeveri, CIV S-08-3123 JFM. In the original complaint filed December 23, 2008, in 08-3123, plaintiff alleged that he suffered from tinnitus and vertigo caused by a brain tumor. Plaintiff alleged that defendant Kadeveri refused to treat the brain tumor. In the instant case, plaintiff appears to be complaining about his medical care he received following his brain surgery. For that reason, the claims against defendant Kadeveri regarding his failure to treat plaintiff's tinnitus do not appear to be duplicative to those raised in 08-3123.

[2] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

1   Plaintiff alleges that defendant Officer Weary removed him from the ADA room.
2   Plaintiff alleges that defendant Weary placed him in the room even though he knew that when
3   plaintiff had previously been housed in the non ADA room, he injured himself when using the
4   toilet that had no handrails. Court records indicate that plaintiff's complaint filed in CIV S-09-
5   2576 KJM P contains the same claims against defendant Weary. See 09-2576 complaint, p. 4 of
6   8. Accordingly, these claims against defendant Weary are dismissed because they are duplicative
7   of those raised in 09-2576.

8   Plaintiff next alleges that he found Chris Grundy going through his legal work in
9   his cell. Court records indicate that plaintiff's complaint in CIV S-09-2576 KJM P contains the
10  same claims against defendant Grundy. See 09-2576 complaint, p. 5 of 8. Accordingly, these
11  claims against defendant Grundy are dismissed because they are duplicative of those raised in 09-
12  2576.

13  Plaintiff alleges that Classification Officer Jones caused plaintiff to be placed in
14  the non ADA room even though plaintiff was using a wheelchair at the time. Plaintiff has made
15  the same claims against defendant Jones in CIV S-09-2576 KJM P, see complaint, p. 4 of 8.
16  Accordingly, these claims against defendant Jones are dismissed because they are duplicative of
17  those raised in 09-2576.

18  Plaintiff alleges that defendants Sergeant Sands, Lieutenant Marsh and Sheriff
19  Stranton failed to remove him from the non ADA room after hearing or reading the reports
20  regarding plaintiff. Plaintiff has made the same claims against defendant Sands in CIV S-09-
21  2576 KJM P, see complaint, p. 4 of 8. Accordingly, these claims against defendant Sands are
22  dismissed because they are duplicative of those raised in 09-2576.

23  While the complaint filed CIV S-09-2576 P does not contain these same claims
24  against defendants Marsh and Stranton as are made in this action, plaintiff is clearly litigating the
25  issue of whether he should have been removed from the ADA room in that other action. For that
26  reason, these claims against defendants Marsh and Stranton are dismissed without prejudice to

their being raised in an amended complaint in CIV S-09-2576 P.

Plaintiff alleges that Sergeant Cameron caused the dismissal of his case(s) by failing to make photocopies of documents. Plaintiff does not identify any action that was actually dismissed as a result of his failure to obtain copies from defendant Cameron. Without this information, the undersigned cannot determine whether plaintiff has stated a colorable claim for relief. Accordingly, this claim is dismissed.

Plaintiff alleges that defendant Amos had continuous contact with defendant Grundy but failed to stop him. Plaintiff has made the same claims against defendant Amos in CIV S-09-2576 KJM P, see complaint, p. 6 of 8. Accordingly, these claims against defendant Amos are dismissed because they are duplicative of those raised in 09-2576.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1       Accordingly, IT IS HEREBY ORDERED that:

2       1. Plaintiff's request to proceed in forma pauperis is granted;

3       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

6       3. Plaintiff's claims against all defendant but those found colorable against defendant Kadeveri are dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

11      4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

13      DATED: April 21, 2010                      /s/ Gregory G. Hollows
                                                   _____
                                                   UNITED STATES MAGISTRATE JUDGE

16      see247.b1